IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY EARL JORDAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | Civil Action No. 3:05-CV-0541-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 5, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on August 16, 2005, 2005.[*]

Petitioner Tommy Earl Jordan ("Petitioner") was convicted of robbery in August 1995. In 1995, he challenged that conviction, but the court dismissed his challenge for failure to exhaust administrative remedies. In 2002, Petitioner filed another petition in federal court to challenge the 1995 robbery conviction. *See Jordan v. Johnson*, No. 9:02cv113 (E.D. Tex. Filed May 1, 2002). The court denied that petition as untimely. Petitioner then filed this petition, once again challenging the 1995 robbery conviction, arguing three grounds for habeas relief: (i) that he is actually innocent

---

[*] Petitioner's objections are filed in a document entitled "Motion to Abandon Two Claims Court Consider Only One in the Objection to Mag. Findings A Partial Objection." Although titled as a "motion," this filing is properly considered as Petitioner's objections.

**Memorandum Opinion and Order – Page 1**

of the crime for which he was convicted; (ii) that he is actually innocent of the imposed forty-year sentence; and (iii) that the State improperly struck an African-American juror. *See* Pet. at 7, 9. Petitioner conceded that he previously filed two federal actions attacking his 1995 robbery conviction, and that one was dismissed without prejudice and one was dismissed as untimely.

The magistrate judge found that the district court could not properly consider Petitioner's application for the writ of habeas corpus, since all the claims raised in the petition were "second or successive" claims, that is, the petition raised claims that were, or could have been, raised in the earlier petition filed May 1, 2002, in the Eastern District of Texas (*Jordan v. Johnson*, No. 9:02cv113), which was dismissed as untimely. Based on these findings, the magistrate judge recommended that the petition be dismissed without prejudice for want of jurisdiction under 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA ), which requires that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in district court.

In his objections, Petitioner argues that his third claim in his habeas petition, namely that the State improperly struck an African-American juror, is not successive, as it could not have been raised in earlier action. In support, Petitioner cites the recent Supreme Court decision of *Miller-El v. Dretke*, __ U.S. __, 125 S.Ct. 2317 (2005) (granting federal habeas relief where state court's factual findings as to nonpretextual nature of state's race-neutral explanations for its use of peremptory challenges to excuse 10 of 11 black venirepersons were shown to be wrong by clear and convincing evidence). Relying on *Miller-El*, Petitioner asserts that his 1995 conviction was similarly based on unlawfully excluding African-Americans. Objections at 3-4. *Miller-El*, however, did not announce a new constitutional right to be applied retroactively, but merely applied the long-

**Memorandum Opinion and Order – Page 2**

established law of *Batson v. Kentucky*, 476 U.S. 79 (1986), that discrimination by a prosecutor in selecting a defendant's jury violated the Fourteenth Amendment. As the magistrate judge correctly noted, this claim could have been brought in his earlier petition, but was not. With regard to his other claims, Petitioner states that he is abandoning them and "does not object to the decision to dismiss his petition without prejudice." Objections at 2. Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and Petitioner's objections thereto, the court determines that the findings and conclusions are correct. The magistrate judge's findings are accepted as those of the court. Petitioner's objections are **overruled**. Accordingly, Petitioner's petition for the writ of habeas corpus is **dismissed without prejudice** for lack of jurisdiction pending review by a three-judge panel of the court of appeals. Further, the Order of Reference in this case dated August 16, 2005, is hereby **vacated**.

    **It is so ordered** this 31st day of August, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge