IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY EARL JORDAN, § | |
| § | |
| Petitioner, § | |
| § | |
| § | Civil Action No. 3:05-CV-0541-L |
| § | |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Divisions, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his robbery conviction in Cause No. F95-02478-RN(D). Respondent is Douglas Dretke, Director of TDCJ-CID.

**I.    Factual and Procedural History**

Petitioner was convicted of robbery in August 1995. Pet. Writ of Habeas Corpus at 2 ("Pet."). On appeal he claimed that: "(1) the evidence is legally insufficient to support his conviction, and (2) the trial judge erred in overruling [his] objection to the State's use of a peremptory challenge." *Jordan v. State*, No. 05-95-01244-CR, 1997 WL 335003, at *1 (Tex. App. – Dallas June 19, 1997, pet. ref'd). On June 19, 1997, the Court of Appeals for the Fifth District of Texas at Dallas affirmed his conviction. *Id.* at *1-3. On October 2, 1997, the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Jordan v. State, No. 05-95-01244-CR, http://www.courtstuff.com/FILES/05/95/05951244.HTM* (docket sheet information generated Oct. 27, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). Petitioner indicates that the petition for discretionary review was refused as untimely. Pet. at 3.

Petitioner first challenged his 1995 conviction in this court in 1995. *See Jordan v. State of Tex. Crim. J. Sys.*, No. 3:95-CV-2457-T (N.D. Tex. filed Oct. 18, 1995). The court dismissed the action, to the extent that it sounded in habeas, without prejudice for Petitioner's failure to exhaust state remedies. *Id.* (order and judgment dated Oct. 20, 1997).

In 2002, Petitioner commenced an action in the Eastern District of Texas by filing a civil complaint pursuant to 42 U.S.C. § 1983 to address a claimed denial of access to courts caused by the removal of a prison law dictionary.[1] *See* Compl. at 3 and attached pages (doc. 1), *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. received May 1, 2002). Petitioner specifically notified the Eastern District that his action arose under 42 U.S.C. § 1983 and should not be construed as a challenge to his conviction under 28 U.S.C. § 2254. *See id.* at attached page VI. Upon review of this initial complaint, the assigned magistrate judge noted that, "it appears that the plaintiff cannot show harm in that any petition for writ of habeas corpus filed at this time would be barred by the one year statute of limitations." Order at 2 (doc. 11), *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. filed June 4, 2002). The magistrate judge granted Petitioner thirty days to file an amended complaint showing a basis for a potentially meritorious civil rights action. *Id.*

Petitioner subsequently filed a 130-page document titled "Amended Claim/2254" that consists of the following:

1. cover page showing a date of receipt July 8, 2002 (page 1);

2. amendment to § 1983 complaint (pages 2-20);

3. attachments to show exhaustion of prison grievance procedures (pages 21-36);

4. a petition for writ of habeas corpus filed on a standard form pursuant to 28 U.S.C. § 2254, which was also stamped as received July 8, 2002 (pages 37-47); and

---

[1] Because the nature of the Eastern District action has had an impact upon the ultimate course of the current action (*see infra*), a full discussion of that action is warranted.

     5. a "28 U.S.C. § 2254 / Memorandum of Law" with attachments (pages 48-130).[2]

*See* Am. Claim/2254 at 1-130 (doc. 14), *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. received July 8, 2002). Although the "Amended Claim/2254" contains a § 2254 petition for writ of habeas corpus and supporting documents for such petition, it was simply docketed as an "amended complaint."[3] The petition raised four claims: (1) the trial court improperly instructed the jury and thus deprived him of a fair trial; (2) the State presented no evidence that he committed robbery; (3) the presented evidence was factually and legally insufficient; and (4) he is actually innocent because the court of appeals erred in affirming his conviction by drawing an inference not supported by the record. *Id.* at 44-45. Throughout the memorandum in support of that petition, Petitioner asserts that he is actually innocent for a number of reasons, including the existence of an intervening cause that interrupted the causal connection of the charged robbery offense. *Id.* at 48-68. He concluded his supporting memorandum by praying that the court "allow time bar to be removed due to [his] actual innocence [and] to grant relief through the admissibility of 2254." *Id.* at 68.

    Recognizing that Petitioner had "attached a proposed petition for writ of habeas corpus" to the amended complaint, the magistrate judge in the Eastern District recommended: "To the extent that the amended complaint includes a petition for writ of habeas corpus, the petition should be dismissed with prejudice as being time-barred." *See* Report and Recommendation at 2, 4, *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. filed July 16, 2002). The magistrate judge also recommended that the civil rights aspect of the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)b). *Id.* at 4.

---

[2] The court has access to scanned versions of all relevant documents in the Eastern District action. For ease of reference, it utilizes the page numbers from the scanned version of "Amended Claim/2254" rather than the page numbers given by Petitioner for the various documents that comprise this document.

[3] Interestingly, pages 1 and 37 of the "Amended Complaint/2254" were both file-stamped as received on July 8, 2002. The presence of two receipt stamps suggests that Petitioner filed two separate documents that were docketed together – pages 2 through 36 encompass Petitioner's amendment to his § 1983 action and pages 37 through 130 encompass a petition for writ of habeas corpus, a memorandum in support of such petition, and attachments thereto. The title "Amended Claim/2254" also suggests that Petitioner intended to bring both types of actions.

Petitioner thereafter filed objections to the recommendation wherein he clearly indicates that he had filed a petition for writ of habeas corpus within the context of his § 1983 action. *See* Pl. Obj. at 3 (stating that he had "clearly demonstrated his innocence inside a 2244 Fed. writ habeas corpus" and that "2254 should not be disregarded and should stand intact"); 4 (indicating that the 2254 should stand due to his actual innocence); 5 (indicating that he had "every right in the world to present his 2254," that the magistrate judge panicked when he "submitted his 2254," and that the time-bar should be removed); 11 (indicating that he had submitted a § 2254 writ within his § 1983 action); 13 (indicating that he had submitted his § 2254 writ within his § 1983 action because the court had rejected his "plea" to submit the habeas action at a later time); 18 (indicating that he had submitted his 2254 action to show his innocence); 22-25 (arguing that 2254 petition should not be time-barred because of actual innocence claim and his exercise of due diligence); 31 (arguing that he properly filed his 2254 petition and is entitled to habeas relief based upon his showing of actual innocence); 32-33 (revealing an Ex. A that again addresses the limitations issue regarding his § 2254 petition); 34 (indicating that he was specifically invoking the jurisdiction of the federal court under § 2254); 37 (indicating that he sought "greater attention to this issue and case-in-chief . . . 2254"); 38 (arguing that his federal 2254 writ should provide the proper judicial procedure or gateway to obtain an evidentiary hearing on his claims); and 42 (indicating that he understood that the court could dismiss his "suit/2254"). *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. received July 30, 2002).

On August 2, 2002, the Eastern District adopted the findings and recommendation of the magistrate judge, and "[t]o the extent that the amended complaint includes a petition for writ of habeas corpus," dismissed such petition with prejudice as untimely.[4]  Order of Dismissal (doc. 20), *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. filed Aug. 2, 2002).

---

[4]  Although the § 2254 petition challenged a Dallas County conviction, the Eastern District of Texas had jurisdiction over the habeas action by virtue of Petitioner's incarceration in that district. *See* 28 U.S.C. § 2241(d).

In February 2005, Petitioner commenced the instant action pursuant to § 2254 to challenge his robbery conviction on the grounds that: (1) he is actually innocent of the crime for which he was convicted because an intervening cause interrupted the causal connection, (2) he is actually innocent of the imposed forty-year sentence because his sentence was wrongly enhanced, and (3) the State improperly struck an African-American juror at his trial. Pet. at 7-9. Petitioner conceded that he had previously filed two federal habeas actions attacking the same conviction at issue in this action. *See id.* ¶¶ 11, 21. He further conceded that the courts had dismissed one habeas action without prejudice and dismissed a second habeas petition as untimely. *Id.* ¶ 21.

On August 5, 2005, the magistrate judge recommended that this action be dismissed as successive based upon the August 2002 dismissal in the Eastern District of Texas. *See* Findings, Conclusions, and Recommendation at 1-5. In so doing, the magistrate judge specifically recognized that Petitioner had challenged his 1995 conviction in the 2002 Eastern District case, that the Eastern District had "denied that challenge because petitioner had not timely filed a federal petition for writ of habeas corpus," and that Petitioner conceded that he had a prior habeas action dismissed as untimely. *Id.* at 1-2 & n.1.

On August 16, 2005, Petitioner filed partial objections to that recommendation and moved to abandon his two claims of actual innocence. *See* Mot. Abandon Two Claims.[5] On August 31, 2005, the court accepted the recommendation after reviewing all relevant filings in this action, including the objections filed by Petitioner, and dismissed this action as successive. *See* Mem. Op. & Order. With respect to the objections, the court stated:

> In his objections, Petitioner argues that his third claim in his habeas petition, namely that the State improperly struck an African-American juror, is not successive, as it could not have been raised in earlier action. In support, Petitioner cites the recent Supreme Court decision of *Miller-El v. Dretke*, __ U.S. __, 125 S. Ct. 2317 (2005) (granting federal habeas relief where state court's factual findings as

---

[5] Petitioner titled the motion: "Motion to Abandon Two Claims Court Consider Only One in the Objection to Mag. Findings A Partial Objection." Although titled as a "motion," the court has considered the document as Petitioner's objections.

> to nonpretextual nature of state's race-neutral explanations for its use of peremptory challenges to excuse 10 of 11 black venirepersons were shown to be wrong by clear and convincing evidence). Relying on *Miller-El*, Petitioner asserts that his 1995 conviction was similarly based on unlawfully excluding African-Americans. Objections at 3-4. *Miller-El*, however, did not announce a new constitutional right to be applied retroactively, but merely applied the long-established law of *Batson v. Kentucky*, 476 U.S. 79 (1986), that discrimination by a prosecutor in selecting a defendant's jury violated the Fourteenth Amendment. As the magistrate judge correctly noted, this claim could have been brought in his earlier petition, but was not. With regard to his other claims, Petitioner states that he is abandoning them and "does not object to the decision to dismiss his petition without prejudice." Objections at 2. Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and Petitioner's objections thereto, the court determines that the findings and conclusions are correct. The magistrate judge's findings are accepted as those of the court. Petitioner's objections are **overruled**. Accordingly, Petitioner's petition for the writ of habeas corpus is **dismissed without prejudice** for lack of jurisdiction pending review by a three-judge panel of the court of appeals.

*Id.* at 2-3 (original emphasis).

As set forth in the magistrate judge's findings and the court's order accepting such findings, the court based its decision to dismiss this action as successive on Petitioner's concession that he previously had a habeas claim dismissed as time-barred by the Eastern District. *See* Pet. at ¶ 21. Although not specifically mentioned in the magistrate judge's findings, in determining whether to accept the findings, this court reviewed the Eastern District file and verified that Petitioner had indeed filed a standard form § 2254 petition within his "Amended Complaint/2254" and that the petition had been dismissed as untimely in 2002, *see* Am. Claim/2254 (doc. 14) and Order of Dismissal (doc. 20), *Jordan v. Johnson*, No. 9:02-CV-113 (E.D. Tex. received May 1, 2002).[6] Petitioner did not object to the finding of successiveness on the basis that his prior action had been recharacterized as a § 2254 petition without notice to him, but rather, solely on the basis that he could not have raised his claims within the context of that petition. Because nothing in Petitioner's

---

[6] Based upon Petitioner's concession regarding his prior § 2254 action in the Eastern District of Texas, the court did not deem it necessary to discuss its independent review of the nature of the 2002 action.

**Memorandum Opinion and Order – Page 6**

objections overcame the presumption that this habeas action fell outside the limited jurisdiction of this court,[7] the court dismissed the action as successive.

Petitioner thereafter moved for authorization from the Fifth Circuit Court of Appeals to file a second or successive petition. On December 6, 2005, the Fifth Circuit Court of Appeals denied Petitioner's motion as unnecessary. *See In re Jordan*, No. 05-11197, slip. op. at 1-2 (5th Cir. Dec. 5, 2005) (per curiam). The appellate court concluded that this court deemed the instant habeas action "successive based on a 2002 civil rights complaint that the [Eastern District] had recharacterized as a time-barred 28 U.S.C. § 2254 application." *Id.* at 1. Because the Eastern District did not advise Petitioner "of its intent to recharacterize that complaint, explain the consequences of the recharacterization, [or] give [Petitioner] a meaningful opportunity to withdraw the complaint" as required by *Castro v. United States*, 540 U.S. 375, 383 (2003), the Fifth Circuit found that the "2002 filing cannot be considered to have become a 28 U.S.C. § 2254 application for purposes of applying 'second or successive' restrictions."[8] *Id.*

---

[7] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Fifth Circuit has held that 28 U.S.C. "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the court of appeals] has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

[8] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that district courts cannot "recharacterize a *pro se* litigant's" filing as an initial motion to vacate filed pursuant to 28 U.S.C. § 2255,

> *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

540 U.S. at 377 (original emphasis). The Court imposed these notice requirements because recharacterizing a *pro se* filing as an initial § 2255 motion "can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." *Id.* The *Castro* notice requirements apply equally to § 2254 actions because such actions are also subject to restrictive limitations on second or successive applications. *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005); *Martin v. Overton*, 391 F.3d 710, 713-14 (6th Cir. 2004).

*Castro* is not implicated, however, when "there was no recharacterization by the district court." *See Davis*, 425 F.3d at 835. A district court engages in no recharacterization when the litigant "plainly intended to bring a § 2254 claim." *Id.* (holding that there is no recharacterization when a prisoner files a petition under § 2254 and §§ 2241 and 1651). Although not specifically addressed because Petitioner did not object on this basis, this Court did consider the application of *Castro* but found that it was not implicated because Petitioner plainly intended to bring a § 2254 claim.

**Memorandum Opinion and Order – Page 7**

Upon motion by Petitioner, and in view of the ruling by the Fifth Circuit, this court ordered the clerk of the court to reopen this case for further consideration in light of the Fifth Circuit's ruling, vacated its August 31, 2005 judgment and memorandum opinion and order, and recommitted this case to the assigned magistrate judge for findings and recommendation. *See* Order of Feb. 6, 2006. On February 24, 2006, the court received a document titled "Melius Inquirendum/Estoppel by Laches" that Petitioner filed in response to the order to reopen this case.[9] Petitioner therein indicates that it is his "understanding" that the court will rule on previously filed motions seeking to obtain court records. Pet. Resp. Reopen at 1. He further indicates that he needs the records so that he can amend his federal petition, and requests leave to file an amended petition to add new claims, including claims that: (1) the court of appeals acted as a juror; (2) the trial court forced an unwanted defense attorney on him; (3) the State criminal justice system malfunctioned; (4) the trial judge made false statements to news media about issues related to his case; and (5) expunction of two non-conviction criminal offenses. *Id.* 1-2. The court now **vacates** its referral to the magistrate judge and issues its ruling on the case.

Federal district courts unquestionably have jurisdiction over non-successive petitions for writ of habeas corpus. Based on the Fifth Circuit's ruling that the instant petition is not successive, the court proceeds to a matter alluded to in the findings, conclusions, and recommendation previously entered in this case – the timeliness of the instant petition. After addressing the timeliness of the instant action, the court will address the matters raised in Petitioner's response to the motion to reopen.

**II.    Analysis**

**A.    Statute of Limitations**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all

---

[9]  The court will hereinafter refer to this document as Petitioner's response to order to reopen.
**Memorandum Opinion and Order – Page 8**

federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Although he attempts to rely upon *Miller-El v. Dretke*, __ U.S. __, 125 S. Ct. 2317 (2005) for his third claim,[10] that case does not recognize a new constitutional right and thus does not commence the limitations period under subparagraph (C). Petitioner's conviction, furthermore, became final well before he commenced this action. In addition, Petitioner knew, or through the exercise of due diligence should have known, the facts supporting his claims[11] long ago.

As previously determined by this court, Petitioner would have known the facts supporting his claims by the time he challenged his conviction in the Eastern District in 2002. He had raised a *Batson* claim on direct appeal. He raised a claim of actual innocence based upon an intervening cause in the 2002 action in the Eastern District. Although it is not as clear whether he previously

---

[10] As previously noted, Petitioner abandoned his first two claims in his objections. *See supra* at 5.

[11] To avoid any possibility that Petitioner abandoned his first two claims only because he perceived that they made the instant action successive, out of an abundance of caution the court considers the timeliness of all claims.

Memorandum Opinion and Order – Page 9

raised his second claim herein, namely that his forty-year sentence was the result of wrongful sentence enhancement, it is beyond cavil that he would have known the basis for that claim at the time he was sentenced. Because Petitioner did or could have raised his claims in his Eastern District action in 2002, the instant habeas action, filed approximately thirty months later in February 2005, is untimely.

The court recognizes that Petitioner has filed six various state writs. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Jordan%2C+Tommy&Style_2=&COACaseNumberNo=&Submit1=Search (accessed February 24, 2006) (showing six writs, the earliest of which was received by the Texas Court of Criminal Appeals on Mar. 4, 1999). Although AEDPA contains a statutory tolling provision which expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), the statutory tolling provision does not save Petitioner's February 3, 2005 federal petition challenging his 1995 conviction from being untimely.

Further, Petitioner has presented nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Although Petitioner argues that he is actually innocent, the Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner, moreover, has not demonstrated that he is actually or factually innocent. The assertion of such claim encumbers petitioners with a heavy burden:

> To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

Memorandum Opinion and Order – Page 10

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Petitioner has not supported his allegations of actual innocence with any new evidence; nor has he shown that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence not submitted at trial.

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant federal petition for writ of habeas corpus.

### B. Petitioner's Response to Order to Reopen

In response to the order to reopen, Petitioner indicates that he understands that the court will rule on previously-filed motions seeking to obtain court records. Pet. Resp. Reopen at 1. He further indicates a need for such records so that he can amend his federal petition, and requests leave to file an amended petition to add new claims, including claims that: (1) the court of appeals acted as a juror; (2) the trial court forced an unwanted defense attorney on him; (3) the State criminal justice system malfunctioned; (4) the trial judge made false statements to news media about issues related to his case; and (5) he is actually innocent of two non-conviction criminal offenses that Petitioner wants expunged from his record. *Id.* at 1-2 (listing five claims that Petitioner wants the court to entertain); State Application for Writ of Habeas Corpus at 8, attached to Letter from Petitioner to Clerk (May 27, 2005) (on file as doc. 12) (showing that the fifth claim relates to two alleged criminal offenses that occurred before his current conviction to which Petitioner specifically claims actual innocence and seeks to have expunged from his record) [hereinafter referred to as "May 2005 State Writ"]).

The court did not reopen this case to revisit previously-filed motions that seek to obtain court records.[12]  It reopened the case in response to the Fifth Circuit's ruling that the instant petition is not successive.  The court has now determined that the instant petition is untimely.  To the extent that Petitioner wants the court to reconsider previous denials of his motions for records, the court declines to do so.  Petitioner has still stated no adequate basis for such motions.  Furthermore, to the extent Petitioner seeks leave to file an amended petition, the court denies such leave for the reasons that follow.

Whether to grant leave to amend lies within the court's sound discretion.  *Robinson v. Wade*, 686 F.2d 298, 304 (5th Cir. 1982).  Rule 15(a) directs the courts to freely grant leave to amend "when justice so requires."  That standard guides the courts whenever a party seeks leave to amend.  Despite the liberal standard for granting leave, the courts do not automatically grant leave whenever requested.  *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The Supreme Court long ago set forth the standard for determining when justice requires granting a request to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend.  Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Carson v. Polley*,

---

[12]  On August 5, 2005, the magistrate judge denied Petitioner's motions for access to court records (doc. 9), motion for leave to exhaust state remedies (doc. 10), and motion seeking free copies of requested documents (doc. 11).  *See* Order of Aug. 5, 2005.  The magistrate judge found that Petitioner had provided "no adequate basis for his motions for documents."  *Id.*

**Memorandum Opinion and Order – Page 12**

689 F.2d 562, 584 (5th Cir. 1982)). The courts may, nevertheless, deny leave to amend when new claims are "filed at a very late stage of proceedings," especially when "there is no showing that the claims had been exhausted in the state courts." *Robinson*, 686 F.2d at 304. The courts may also properly consider whether the party seeking amendment has complied with all procedural requirements. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (recommendation accepted by district court). Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel. *Id.*

In this instance, Petitioner has not complied with the procedural requirements for seeking leave of court to file an amendment. He has not "attach[ed] a copy of the proposed amended pleading as an exhibit" to his request for leave to amend as required by the local rules of this court, specifically LR 15.1. He has not submitted "an original and a second copy of the proposed pleading" with the request for leave as required by that rule. "Such deficiencies are sufficient of themselves to deny" leave to amend the federal habeas petition filed in this action. *See id.*

In addition, the claims sought to be added by amendment appear to be as untimely as the claims already raised in the instant petition for writ of habeas corpus. The new claims relate to: (1) an act of the court of appeals; (2) an act and statements of the trial court; (3) a malfunction of the Texas criminal justice system; and (4) two non-conviction criminal offenses that Petitioner wants expunged from his record because he is actually innocent of the offenses. Nothing indicates that these claims are any more timely than the claims already asserted in this action. When Petitioner received the court of appeals' opinion that affirmed his conviction in June 1997, he would have known the factual basis for his claim concerning the court of appeals. He would have known the factual basis for his claims concerning the trial court before then. Because his expunction claim relates to two alleged criminal offenses that occurred before his current conviction, (*see* May 2005 State Writ at 8), Petitioner would have known the factual basis for such claim in 1995 or before.[13]

---

[13] Petitioner does not identify precisely when the alleged offenses occurred, but he alleges "that police arrested him and charged him with two offenses of: 'Rape of Child; and Sexual assault.'" *See* May 2005 State Writ at 8. Such offenses naturally must have occurred before Petitioner's current incarceration.

With respect to his malfunction claim, Petitioner concedes in his May 2005 State writ that he "first detected" the malfunction of the criminal justice system in "the middle part of year 1995" and his investigation has "lasted over 10 years." *See id.* at 4. Given the initial detection of the alleged malfunction in 1995, he certainly knew the factual predicate of such claim upon his conviction in 1995. To the extent the claim relates to a constitutional malfunction that occurred during his direct appeal, he would have known the factual predicate in 1997. Consequently, in view of the statute of limitations applicable to habeas actions filed pursuant to 28 U.S.C. § 2254, any amendment to add Petitioner's new claims appears to be futile.

Furthermore, to the extent Petitioner's alleged malfunction claim relates to matters beyond his conviction and the representation he received on direct appeal, the claim is not cognizable in a petition for writ of habeas corpus. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief not available for such alleged errors). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). To the extent Petitioner seeks to amend his federal petition to state a non-cognizable claim, the court determines that such amendment would be futile.

Due to the procedural irregularities of the request for leave to amend and the apparent futility of the new claims sought to be asserted, the court denies Petitioner leave to amend his federal petition to raise the new claims stated in his response to the order to reopen.

**III.    Conclusion**

For the reasons stated herein, the court determines that Petitioner's request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 is time-barred under AEDPA. Accordingly, the court **denies with prejudice** Petitioner's § 2254 Petition. Further, the court **denies** Petitioner's request to reconsider the prior denials of his motions for documents. Finally, the court **denies** Petitioner's request for leave to amend the instant federal petition.

Final judgment will issue by separate document.

**It is so ordered** this 28th day of February, 2006.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge